*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEREMIAH JAMES BOSHELL,

        Defendant-Appellant.

FOR PUBLICATION
May 13, 2021

No. 347207
Macomb Circuit Court
LC No. 2017-002787-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEREMIAH JAMES BOSHELL,

        Defendant-Appellant.

No. 347208
Macomb Circuit Court
LC No. 2017-000658-FC

Tukel, J. (concurring).

I agree with the majority that defendant's convictions should be affirmed in all respects, and I join the Court's majority opinion in full. I write separately to make an additional point or two about venue.

Almost eleven years ago, in *People v Houthoofd*, 487 Mich 568; 790 NW2d 315 (2010), Justice Corrigan proposed that the Supreme Court or the Legislature adopt a rule to permit effective resolution of claims of improper venue, which otherwise will go uncorrected, for reasons described in this opinion. See 487 Mich at 594 (CORRIGAN, J., concurring). This case illustrates that the precise problem Justice Corrigan described in 2010 persists until today, and that absent reform of the sort she advocated, the problem will not abate.

First, some background. The majority correctly relies on *Houthoofd* for the proposition that we review a claim of improper venue to determine whether there was a miscarriage of justice

or denial of a constitutional right, such as a deprivation of due process. *Id*. at 590-591 and 591 n 38 (opinion of the Court). And because venue is not constitutionally mandated, in the absence of a miscarriage of justice or deprivation of a constitutional right, MCL 600.1645 prohibits reversal of a conviction on the basis of a venue error alone. *Houthoofd* involved the interplay between MCL 600.1645 and MCL 769.26. MCL 769.26 provides:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

MCL 600.1645 provides that "[n]o order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue." *Houthoofd* explained:

> MCL 769.26 and MCL 600.1645 both deal with the result of a procedural error in proceedings, the former with general procedural errors, and the latter with specific venue errors. Both mandate that a procedural error shall not result in a judgment or verdict being set aside or reversed. MCL 769.26 qualifies that a procedural error can only lead to a judgment or verdict being set aside or reversed if there is a miscarriage of justice. MCL 600.1645, on the other hand, does not contain a similar clause; rather, the statute does mandate that no judgment be void or voidable solely on the ground that there was improper venue. Venue is strictly procedural in nature and does not pertain to a court's jurisdiction over a case. As the Committee Comment to chapter 16 of the RJA (Venue) states, the Legislature specifically adopted provisions to separate jurisdiction issues from venue issues, and indicated that venue is a matter of convenience that is governed by logic and sound policy considerations. Thus, improper venue alone does not necessarily result in a miscarriage of justice because matters of venue are matters of convenience. However, if an improper venue choice led to other more serious errors, such as deprivation of a defendant's right to due process or trial by a fair and impartial jury, the alleged errors would not "solely" be for improper venue, and MCL 600.1645 would not apply. [*Houthoofd*, 487 Mich at 591 n 38.]

Justice Corrigan's separate opinion in *Houthoofd* noted that "Effective appellate review of a venue ruling can be granted only from an appeal from an interlocutory order because MCL 600.1645 precludes appellate relief based solely upon improper venue." *Id*. at 595 (CORRIGAN, J., concurring). As Justice Corrigan joined the majority opinion in full, she obviously did not include "a venue choice [which] led to other more serious errors, such as deprivation of a defendant's right to due process or trial by a fair and impartial jury," *id*. at 591 n 38 (opinion of the Court), as being covered by MCL 600.1645. *Id*. at 595 (CORRIGAN, J., concurring). But those types of issues will rarely result from a mere venue error, as both *Houthoofd* and this case demonstrate.

In *Houthoofd*, defendant was tried in Saginaw County, which on appeal was determined not to be the proper county for purposes of venue. Nevertheless, the majority held that "Defendant received a fair trial before an impartial jury, and it cannot be argued that there was a miscarriage

of justice simply because the trial was in Saginaw County." *Id*. at 590 (opinion of the Court). Here, the majority holds, correctly in my opinion, that defendant failed to prove prejudice: "Defendant merely suggests that the jury was impermissibly swayed to find against him on the Lapeer County crimes because it had been influenced by what it heard related to the Macomb County crimes . . . . The evidence against defendant was overwhelming with respect to his Lapeer County convictions. . . . In short, because the evidence of defendant's guilt of these crimes was overwhelming, he has not shown that the result would have been different had he been tried in Lapeer County."

The same analyses will hold in almost every case. Absent some special circumstance, such as prejudicial pretrial publicity (which is not an issue relating to improper venue in the sense it is discussed here, but rather involves a *change* of venue from the proper county to another county for a permissible reason, see *id*. at 589 (opinion of the Court)), there will in general be no basis for finding a prejudicial error. That is because there will ordinarily, if not universally, be no reason for concluding that a jury impaneled in a county in which venue was proper would have reached a different result than did the actual jury in a county in which venue was improper, and thus there could have been no miscarriage of justice in terms of the verdict. In that regard, Justice Corrigan's *Houthoofd* concurrence noted, "As the majority opinion explains, a venue error is neither jurisdictional nor constitutional. Accordingly, no verdict in any case should be overturned solely on the ground that the trial was held in an improper venue." *Id*. at 595 (CORRIGAN, J., concurring).

On the basis of MCL 600.1645, and the rarity of improper venue leading to a miscarriage of justice or a constitutional error, Justice Corrigan "urge[d] her colleagues to adopt a rule to require" a defendant to raise a venue issue by interlocutory appeal. *Id*. Justice Corrigan also noted that "I would consider adopting a court rule or recommending legislation to codify" the requirement that venue challenges be made through interlocutory appeal, and noted that the Supreme Court had "opened an administrative file, ADM File No.2009–24, to address this deficiency in the criminal law as it relates to venue and to consider whether to recommend legislative action." *Id*. at 596 n 5.

I have been unable to determine exactly what happened with the administrative file, but obviously no court rule or legislation was adopted to address challenges to venue. This case demonstrates the persistence of the problem which Justice Corrigan noted, viz., that post-judgment challenges to venue are effectively unreviewable. To illustrate that point: we have concluded, unanimously, that the trial court erred in denying defendant's pretrial motion to dismiss the Lapeer County charges as being improperly brought in Macomb County. Defendant sought interlocutory review of some of the trial court's pretrial rulings, apparently not including the venue issue; in any event this Court denied leave to appeal. Now, on appeal of right from his convictions, defendant's venue argument—which correctly asserted that venue was not proper in Macomb County as to a number of charges—can afford him no avenue for relief. Yet, if defendant had been able to appeal the venue motion on an interlocutory basis, either by right or by leave, those counts necessarily would have been dismissed. Thus, the issue which Justice Corrigan raised almost eleven years ago remains unresolved; as did Justice Corrigan, I also urge either the Supreme Court to consider a court rule to address this problem, or for the Legislature to fashion a remedy.

/s/ Jonathan Tukel

-3-